IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

———————————————

| ROBERT AYRES DaSILVA, Jr., | Cause No. CV 13-25-GF-DWM-RKS |
|---|---|
| Petitioner, | |
| vs. | **FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF OF HABEAS CORPUS** |
| WARDEN SAM LAW; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondent. | |

———————————————

## I. Synopsis

Robert DaSilva is in the custody of the State of Montana, serving a sentence for failure to update his sex offender registration and resisting arrest. He seeks a writ of habeas corpus under 28 U.S.C. § 2254. Mr. DaSilva primarily argues that he was wrongfully convicted because the trial court incorrectly instructed the jury that Mr. DaSilva's prior conviction was for a "sex offense" as defined by Montana statute.

The Montana Supreme Court denied Mr. DaSilva's claims. The denial was not based on an unreasonable determination of facts and it was not contrary to federal law.

1

The trial court's instruction concerned a purely legal issue that was properly decided by the court, and did not withdraw an essential element of the offense from the jury. The high standard set by 28 U.S.C. § 2254 for a writ of habeas corpus is not met. Mr. DaSilva's petition should be denied.

## II. Jurisdiction

Mr. DaSilva alleges he is in custody pursuant to a judgment of a State of Montana court that is in violation of the right to due process guaranteed by the Constitution of the United States. Thus, this court has jurisdiction under 28 U.S.C. § 2254. Venue in the Great Falls division is proper, as Mr. DaSilva is challenging a judgment entered in Cascade County. Local Rules 1.2(c)(3); 3.2(b)(2)(A). The case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(a)(1).

## III. Status

Mr. DaSilva seeks habeas relief under 28 U.S.C. § 2254. Mr. DaSilva timely appealed his conviction to the Montana Supreme Court and timely petitioned the Montana District Court for post-conviction relief. Doc. 2-6. The petition was denied in June 2012. *Id.* Mr. DaSilva appealed the denial of his petition to the Montana Supreme Court in September 2012. *Id.* The Montana Supreme Court affirmed the district court's denial in February 2013. *Id.* Mr.

DaSilva timely filed his petition in federal court. Doc. 1. The court reviewed the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, and determined that one of Mr. DaSilva's four claims (Claim 3) merited further analysis. Doc. 9. The State was ordered to file an Answer to Claim 3. Doc. 9. The court provided Mr. DaSilva with the opportunity to explain why a second claim (Claim 2) should not be procedurally barred. Doc. 9. Mr. DaSilva filed a brief in response. Doc. 11. The State filed an Answer to Claim 3, along with numerous records from the State of Montana's failure-to-register case against Mr. DaSilva. Doc. 21and attached exhibits.

## IV. Standards

**Pro se pleadings**

The court liberally construes pro se pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

**Procedural bar**

A prisoner who fails to satisfy the state procedural requirements of a claim forfeits his right to present that claim in federal court, unless the prisoner can show good cause for the procedural default and actual prejudice, or demonstrate that failure to consider the claim would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Federal courts generally do not

consider whether the state court properly applied its default rule to the petitioner's facts. *Wood v. Hall*, 130 F.3d 373, 378-79 (9th Cir. 1997). However, a federal court may reject a state court's use of a procedural bar if it is erroneously applied. *Sivak v. Hardison*, 658 F.3d 898, 906-07 (9th Cir. 2011).

To establish "actual prejudice," the petitioner must demonstrate "not merely that the errors at his trial constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 170 (1982); *Correll v. Stewart*, 137 F.3d 1404, 1416 (9th Cir. 1998). The "miscarriage of justice" exception to a procedural bar requires the petitioner to show that a constitutional error probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

**Deference to state**

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d)

This is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be giving the benefit of the doubt." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

A determination of a factual issue made by a State court shall be presumed to be correct. A petitioner for § 2254 relief has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e).

### V. Facts

Mr. DaSilva plead guilty in the state of Washington in 1997 to a violation of Wash. Rev. Code § 9A.36.021(1)(a). The charging document and the judgment both refer to the offense as "Assault in the Second Degree with Sexual Motivation." Docs. 21-2, 21-4. The Judgment is based on a form document. It includes several statements that are accompanied by boxes, which can be checked to indicate that the statement is applicable to the particular case. See Doc. 21-4. One of those statements is: "A special verdict/finding of sexual motivation was returned on Count(s)." The box that corresponds to the statement is not checked. Doc. 21-4.

In January 2009, Mr. DaSilva registered as a sex offender with the Great Falls Police Department, listing his address as the Great Falls Rescue Mission. Doc. 21-32. Mr. DaSilva did not provide monthly address updates, and was arrested in March 2009 for failing to update his sex offender registration in violation of Mont. Code Ann. § 46-23-507 (2007). The charge was predicated on an obligation that, according to the State, arose from the Washington conviction. Doc. 21-6. Under Montana law, a person is required to register as a sexual or violent offender if that person has been convicted of a "sexual offense." Mont. Code Ann. §§ 46-23-504, 46-23-502(8), (9).

Mr. DaSilva moved to dismiss the Montana charge, arguing that he had no duty to register as a sex offender because his Washington offense was not a "sexual offense" as defined by Mont. Code Ann. § 46-23-502(9)(b). Mr. DaSilva relied on the absence of a checkmark next to the "special finding of sexual motivation" provision. Doc. 21-7. The state court denied the motion. Doc. 21-28.

The case went to trial. The trial court instructed the jury on the elements of "failure to register," including that the defendant must be "a person required to register as a sex offender. Doc. 21-35 at 4. The trial court also gave the following instructions:

> Instruction 10: Under Montana law, a person who has been convicted of a sexual offense is required to register as a sex offender.

6

> Instruction 11: As a matter of law, the Washington offense of Assault in the Second Degree with Sexual Motivation, as defined by Section 9.94A.030 and 9A.36.021(1)(a), Revised Code of Washington, also referenced as RCW, is a "sexual offense."

Doc. 21-35 at 4.

At trial, the state introduced a certified copy of the first page of the Sentencing and Judgment issued against Mr. DaSilva by the Washington court. Doc. 21-32 at 212. Mr. DaSilva was convicted on the "failure to register" charge after a jury trial in October 2009. Doc. 21-12. Mr. DaSilva was sentenced to the Montana State Prison for five years. Doc. 21-13. He appealed the conviction to the Montana Supreme Court and petitioned both the trial court and the Montana Supreme Court for post-conviction relief, arguing at all stages the trial court improperly instructed the jury that his Washington conviction was for a "sexual offense." His conviction was upheld at each stage. Docs. 21-16, 21-20, 21-24.

## VI. Analysis

### I.  Claim II is procedurally barred because it was not presented on direct appeal.

Claim II in Mr. DaSilva's petition alleges prosecutors violated his due process right by failing to divulge an element of the statute Mr. DaSilva was charged with violating. The Montana Supreme Court procedurally barred the claim pursuant to Mont. Code Ann § 46-21-105(2) because the alleged fault could

7

have been raised on direct appeal but was not.

Mr. DaSilva appears to argue that the state court applied its procedural bar in error. He argues that the prosecutors' alleged misconduct was not part of the trial record since no objection or motion was made on that basis prior to or during trail. Doc. 11 at 2-4. Therefore, he seems to argue, the claim was not amendable to direct appeal, and instead was properly presented in a petition for post-conviction relief. *Id*. Alternatively, Mr. DaSilva argues that the procedural bar would result in a manifest miscarriage of justice, and should therefore be excused. Doc. 11 at 5-6.

Both arguments fail. Though Mr. DaSilva's petition is not entirely clear, he appears to claim that the prosecution failed to prove one element of the offense. The alleged error would have occurred at trial, and therefore could have been raised on direct appeal. Mr. DaSilva's argument that he could not present that claim on direct appeal because there was nothing on the subject in the record is faulty. In fact, Mr. DaSilva's attorney did move for a directed verdict on the grounds that the State had presented insufficient evidence to convict Mr. DaSilva for failure to register. Doc. 21-34 at 18. That motion was denied. *Id*. at 19. Mr. DaSilva could have appealed denial of the motion for a directed verdict, as his claim challenges the sufficiency of the evidence. If Mr. DaSalva wished to appeal

8

some other issue that was not presented to the trial court he would be no better off. Instead of excusing procedural default, failure to preserve the issue for appeal would constitute an additional procedural bar. Am. Jur. 2d *Appellate Review* § 575 (issues not raised before the trial court and preserved for appeal ordinarily will not be considered on appellate review).

Mr. DaSilva also failed to show that the state's application of the procedural bar lead to the conviction of a probably-innocent person, which would trigger the "manifest miscarriage of justice" exception to the procedural bar. Indeed, he provides no support for the legal conclusion. Claim II should be dismissed.

**II.    Mr. DaSilva is not entitled to relief on Claim III**

Claim III in Mr. DaSilva's petition alleges the district court violated his due process right by instructing the jury that Mr. DaSilva's underlying Washington offense was a "sex offense" for purposes of the registration requirement.

Mr. DaSilva contends the trial court erred in instructing the jury that the Washington offense was a sexual offense, which relieved the State from its obligation to prove an essential element of the "Failure to Register Charge." Mr. DaSilva is entitled to § 2254 relief only if the Montana Supreme Court's decision denial of post-conviction relief on that basis was contrary to clearly established Federal law or was based on an unreasonable determination of the

facts. Neither condition is met here.

### A. The state court's decision was not contrary to clearly established law.

Mr. DaSilva's claim that the prosecution was relieved of its obligation to prove an essential element of the offense is inaccurate. The nature of the Washington offense – i.e. that it was a "sexual offense" – was not an essential element of the failure-to-register charge. Rather, it was a precursor to an essential element: that Mr. DaSilva was required by law to register.

The State established that Mr. DaSilva was convicted of the Washington offense by introducing the Judgment from that case at trial. The trial court also instructed the jury that a person convicted of a sexual offense is required to register as a sex offender. Thus, the conclusion that Mr. DaSilva was a person required to register was logically inevitable. Nevertheless, it was properly presented to the jury and the jury made the ultimate determination that the element was satisfied. That the State had a strong case on that element does not mean the trial court erred. Mr. DaSilva's argument that the result in his state court proceedings is contrary to *Sullivan v. Louisiana*, 508 U.S. 275 (1993) (holding that the defendant is entitled to have the jury determine each element of the crime) is unavailing. The jury did determine the "is a person required to register" element.

The trial court's determination that the Washington offense of Assault in the

Second Degree with Sexual Motivation was a "sexual offense" also was not contrary to clearly-established federal law. That determination was a pure question of law – it depended on no factual determination, but simply categorized a Washington law in Montana's statutory scheme. The United States Supreme Court has expressly held that "the judge must be permitted to instruct the jury on the law." *United States v. Gaudin*, 515 U.S. 506, 115 (1995).

Mr. DaSilva is not entitled to relief under § 2254 unless the Montana Supreme Court's ruling on his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond fairminded disagreement." *Bobby v. Dixon*, 132 S.C. 26, 27 (2011) (per curiam). Because the trial court did not err in instructing the jury, the Montana Supreme Court's denial of Mr. DaSilva's petition for post-conviction relief also was not in error, and certainly did not reach the "so lacking in justification" standard.

### B. The decision was not based on an unreasonable determination from the facts.

The record that was before the Montana state courts firmly establishes that the conviction was for an offense that could properly be classified as a "sexual offense" as the term is defined by Montana law. See:

- Doc. 21-2: amended information in which the State of Washington charged Mr. DaSilva with assault . . . "with sexual motivation."

11

- Doc. 21-4 at 1: Judgment and Sentence finding Mr. DaSilva guilty of "Assault in the Second Degree with Sexual Motivation."

- Doc. 21-4 at 7: Judgment and Sentence. Mr. DaSilva's hand-written initials are next to the statement "Any defendant convicted of a sex offense must register with the county sheriff for the county of the defendant's residence within 24 hours of defendant's release from custody."

Mr. DaSilva's argument relies entirely on an unchecked box on the Judgment next to the phrase "A special verdict/finding of sexual motivation was returned on Count(s)." Mr. DaSilva seems to argue that the Montana judge unreasonably determined that the Washington Judgment provided the factual basis to conclude that Mr. DaSilva committed a sexual offense.

While the unchecked box may establish some ambiguity[1], the trial court's determination of facts was not remotely unreasonable. The Amended Information and the specific statements in the Judgment and Sentence overwhelmingly establish that Mr. DaSilva was convicted of Assault in the Second Degree <u>with Sexual Motivation</u> (emphasis added). The state court's determination carries a statutory presumption of correctness. Mr. DaSilva had the burden to overcome that presumption by clear and convincing evidence. A single unchecked box does not meet that burden.

---

[1] Though the State argues, plausibly, that the box is unchecked because no special finding of sexual motivation was necessary, since Mr. DaSilva pleaded guilty to assault with sexual motivation. Doc. 21 at 26.

12

## VII. Conclusion

Claim III of Mr. DaSilva's petition for relief presented an apparent ambiguity that pertained to an essential element of the charge on which he was convicted. The issue merited review of the record that was before the state courts. It is now evident, based on a review of that record and the parties' briefs, that Mr. DaSilva falls short of the high threshold for federal relief established by 28 U.S.C. § 2254. Claim II is procedurally barred because Mr. DaSilva failed to satisfy the procedural requirements of the state court, and has shown no reason that the deficiency should be excused.

As fully explained in the review pursuant to Rule 5 of the Rules Governing § 2254 Cases, Doc. 9, the remaining claims in Mr. DaSilva's Petition also fail. Mr. DaSilva cannot show that the Montana Supreme Court erred in concluding that his did not fall below an objectively reasonable standard, which is fatal to Claim I. His Claim IV also fails because it concerns the Montana Supreme Court's interpretation of Montana law, which is not cognizable under 28 U.S.C. § 2254. The court FINDS:

1. Claim I of Mr. DaSilva's Petition, Doc. 1,

1. Claim II of Mr. DaSilva's Petition, Doc. 1, is procedurally barred because he could have, but did not, raise the issue on direct appeal and it was therefore procedurally barred under state law.

2. The State of Montana court proceedings related to Mr. DaSilva's failure-to-register charge did not result in a decision that was contrary to, or that involved the unreasonable application of, clearly established federal law.

3. The State of Montana court proceedings related to Mr. DaSilva's failure-to-register charge did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The court RECOMMENDS:

1. Mr. DaSilva's Petition for a Writ of Habeas Corpus, Doc. 1, should be DENIED.

DATED this 16th day of April, 2014.

        /s/ Keith Strong
Keith Strong
United States Magistrate Judge