

FILED
MAY 15 2014
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT AYRES DASILVA, JR., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN SAM LAW; ATTORNEY GENERAL OF THE STATE OF MONTANA, <br><br> Respondents. | CV 13-25-GF-DWM-RKS <br><br> ORDER |

Robert Ayres DaSilva, Jr. is a state prisoner proceeding pro se. He petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254. Magistrate Judge Keith Strong recommends denying the petition. (Doc. 32.) DaSilva filed objections to Judge Strong's Findings and Recommendation, (Doc. 33), and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The Court reviews the Findings and Recommendations not specifically objected to for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

SCANNED

DaSilva objects to Judge Strong's Findings and Recommendation on the grounds that he was wrongfully convicted because the trial court incorrectly determined that his prior conviction was for a "sexual offense" as defined by Montana statute. DaSilva contends Judge Strong misstated certain facts, improperly characterized his arguments, and improperly analyzed the statutes in question. Having considered these objections, the Court agrees with Judge Strong's analysis regarding the state court's jury instruction, but finds that the state court precluded defense counsel from arguing reasonable doubt as to an essential element of the offense charged. Therefore, DaSilva's habeas petition as to Count III is conditionally granted. Because the parties are familiar with the factual and procedural background, it will not be restated here.

## I. Factual Objection

DaSilva first contends that he was arrested in February 2009—and not March 2009—for failing to update his sex offender registration in violation of Mont. Code Ann. § 46-23-507 (2007). Although the charging document was filed in March 2009, (Doc. 21-6), DaSilva was arrested in February of 2009, (*see* Doc. 21-20 at 3 (stating that "DaSilva ran and was arrested after pursuit" in February of 2009)). Although this fact stands corrected, it does not impact the Court's analysis.

## II. Count III

Although the state court reasonably determined and instructed the jury that Assault in the Second Degree with Sexual Motivation is a "sexual offense" under Montana law, the state court's decision to prevent DaSilva from presenting evidence as to the ambiguity of the 1998 Washington judgment denied his right to fair trial. DaSilva's theory of the case was that he had not been convicted of a "sexual offense" as required by Montana law. DaSilva attempted to argue this matter as a legal consideration on a motion to dismiss and then as a question of fact to be submitted to the jury. The state court denied the motion to dismiss and, directly prior to trial, the trial judge determined that:

> [A]ny alleged defect as to the form or content of the Washington judgment of conviction is a matter that Mr. DaSilva could have and should have taken up on appeal, or otherwise, under Washington law. There is no indication or assertion in this record that he has done that.
>
> And therefore, that matter has been previously adjudicated under Washington law; that is the legal effect of the Washington judgment. And this Court is not going to allow Mr. DaSilva to argue, either as a matter of fact or law to this jury, that that ambiguity or argue, or apparent ambiguity on the face of the Washington judgment, is a basis for the jury to conclude that he was not convicted of a sexual offense under Washington law and as applicable under Montana law as charged in this case.

(Doc. 21-32 at 11-12.)

During the discussion regarding jury instructions, the same issues were

3

raised by DaSilva. He maintained that whether he was convicted of a "sexual offense" was a question of fact and the ambiguity in the 1998 Washington judgment supported his contention. Ultimately, the following jury instructions were given:

> Instruction 10: Under Montana law, a person who has been convicted of a sexual offense is required to register as a sex offender.
>
> Instruction 11: As a matter of law, the Washington offense of Assault in the Second Degree with Sexual Motivation, as defined by Section 9.94A.030 and 9A.36.021(1)(a), Revised Code Washington, also referenced as RCW, is a "sexual offense."

(Doc. 21-35 at 4.)

A criminal defendant is entitled to "a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *United States v. Gaudin*, 515 U.S. 506, 510 (1995). Here, the definition of "sexual offense" is a legal, not factual, one and providing the definition as part of the jury instructions did not, by itself, prevent the jury from making a determination as to every element of the offense charged. *Id.* at 513 ("[T]he judge must be permitted to instruct the jury on the law and to insist that the jury follow his instructions."). However, the trial court did not give DaSilva a fair chance to present evidence on that instruction. By not allowing DaSilva to present evidence as to the ambiguity of the 1998 Washington judgment, the state trial court unconstitutionally

precluded defense counsel from arguing reasonable doubt as to an essential element of the offense charged.[1] *See In re Winship*, 397 U.S. 358 (1970) ("[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."); *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) ("[T]he Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense."); *Frost v. VanBoening*, ___ F.3d ___, 2014 WL 1677820 **3, 8 (9th Cir. Apr. 29, 2014) (en banc) (finding the state trial court unconstitutionally precluded defense counsel from arguing reasonable doubt when it would not allow argument on the defense's theory of the case during closing).

As the Ninth Circuit recently held in *Frost*, "[p]recluding defense counsel from arguing a legitimate defense theory would, by itself, constitute structural error." 2014 WL 1677820 at *5. Although the *Frost* court focuses on a state court not allowing a defendant to argue a defense theory in closing argument, the violation here is equally problematic. DaSilva was prevented from putting the State to its proof not only in closing, as was the case in *Frost*, but during the course of the entire trial. (Doc. 21-32 at 11-12.) DaSilva wanted to argue that the

---

[1] The state court even notes that the judgment is not entirely clear. (Doc. 21 at 11 ("notwithstanding the apparent imprecision on the face of the Washington judgment").)

State had not satisfied its burden of proving beyond a reasonable doubt that he was a "person convicted of a sexual offense" by presenting evidence as to the ambiguity of the 1998 Washington judgment. But he was deprived of this fundamental right. Instead, the trial court instructed defense counsel that the Washington judgment conclusively showed DaSilva's prior conviction.

In sum, there is no question that the trial court violated DaSilva's due process rights under a long line of clearly established Supreme Court precedent. DaSilva was deprived of his right to demand that a jury find him guilty of all the elements of a crime with which he was charged under *Winship* and *Gaudin*. "These types of errors strike at the heart of the presumption of innocence and the defendant's right to contest that the State prove its case beyond a reasonable doubt." *Frost*, 2014 WL 1677820 at *6. As such, the state court's error was structural and is not subject to harmless error review.

### III. Count II

DaSilva does not raise any specific objections to Judge Strong's determination that his claim under Count II is procedurally barred as it was not presented on direct appeal. The Court finds no clear error with Judge Strong's analysis or conclusion as to this matter.

## IV. Conclusion

Accordingly, IT IS ORDERED as follows:

1. The Findings and Recommendation (Doc. 32) are ADOPTED to the extent they are consistent with this Order and REJECTED in all other respects.

2. DaSilva's petition (Doc. 1) is CONDITIONALLY GRANTED as to his claim under Count III and his claims under Counts I, II, and IV are DISMISSED WITH PREJUDICE.

3. Certificate of appealability is denied as to DaSilva's claims under Counts I, II, and IV.

4. The judgment entered in Cascade County Cause No. DDC 09-117 on April 30, 2010 is VACATED.

5. Within sixty (60) days of the date of this Order, the State may renew proceedings against DaSilva in the trial court on the charge of "Failure of Sex Offender to Provide Notice of Address Change." As the sentence imposed in DDC 09-117 does not distinguish between the above-mentioned charge and the charge for "Resisting Arrest," the State must renew state proceedings for re-sentencing for the "Resisting Arrest" charge or it is also subject to (7) as discussed below.

6. If the State renews the proceedings, it must timely file a Notice

stating that it has done so.

7. If the State does not timely file notice of the renewal of proceedings in the trial court, this Court will order DaSilva's unconditional release from all custody based on the vacated conviction, and he may not be retried.

8. The Clerk is directed to enter judgment, by separate document, in favor of Petitioner and against Respondents on Count III and against Petitioner and in favor of Respondents on Counts I, II, and IV.

9. The attached motion to appoint counsel (Doc. 33-1) is DENIED.

10. The attached motion for rehearing (Doc. 33-2) is DENIED.

Dated this 15th day of May, 2014.

Donald W. Molloy, District Judge
United States District Court