

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT AYRES DASILVA, JR., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN SAM LAW; ATTORNEY GENERAL OF THE STATE OF MONTANA, <br><br> Respondents. | CV 13–25–GF–DWM–RKS <br><br> ORDER |

Robert Ayres DaSilva, Jr. requests this Court amend its order conditionally granting habeas relief, (Doc. 37), to dismiss his underlying state conviction instead of vacating his judgment of conviction. (Doc. 43). DaSilva once again requests immediate release and that this Court order that the State proceedings may not be renewed against him. Such relief is not warranted for the reasons discussed in this Court's order of May 28, 2014. (Doc. 42.) Further, the United States Supreme Court "has repeatedly stated that federal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see In re Bonner*, 151 U.S. 242, 259-60 (1894) (recognizing for

1

the first time that the habeas court had the power to retain the petitioner in conditional custody before granting relief). "Such conditional orders are essentially accommodations accorded to the state, in that conditional writs enable habeas courts to give States time to replace an invalid judgment with a valid one." *Harvest v. Castro*, 531 F.3d 737, 742 (9th Cir. 2008) (internal quotation marks, citations, and brackets omitted). If the State fails to act within the prescribed time period, the petitioner is released. *Id.* As the 60-day period accorded to the State has not lapsed, DaSilva's continued custody comports with the law. Additionally, the State has been given 21 days to respond to his request for bail.

Accordingly, IT IS ORDERED that DaSilva's motion (Doc. 43) is DENIED.

Dated this 3rd day of June, 2014.

Donald W. Molloy, District Judge
United States District Court