IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT AYRES DaSILVA,<br><br>Petitioner,<br><br>vs.<br><br>DISTRICT COURT OF THE EIGHTH JUDICIAL DISTRICT; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 13-25-GF-DWM<br><br><br>ORDER |

This matter comes before the Court on a petition for "what ever writ will correct the record" filed by Petitioner DaSilva on November 19, 2020. *See* Pro Se Mot. (Doc. 62) at 1.

On May 15, 2014, the Court conditionally granted DaSilva's petition for writ of habeas corpus under 28 U.S.C. § 2254 and gave Respondents ("the State") sixty days either to renew the proceedings in state court or unconditionally discharge DaSilva from all custody based on the vacated conviction. *See* Order (Doc. 34).

1

On May 20, 2014, the Court issued an Order Nunc Pro Tunc, amending paragraph 4 of the May 15 Order to state that "[t]he judgment entered in Cascade County Cause No. DDC 09-137 on April 30, 2010, is VACATED." Order Nunc Pro Tunc (Doc. 37) at 7 ¶ 4. The Order noted that the May 15 Order referred to Cause No. DDC 09-117 instead of DDC 09-137, the correct number.

On June 23, 2014, the State filed notice in this Court (Doc. 54) that it had renewed the criminal proceedings in Cause No. DDC 09-137. *See* Notice (Doc. 54-1) at 1, Order (Doc. 54-2) at 1–2, *State v. DaSilva*, No. DDC 09-137 (Mont. 8th Jud. Dist. June 23, 2014). This Court then issued an order recognizing the State's discharge of its obligation under the writ of habeas corpus, declaring the matter closed, and denying all pending motions as moot. *See* Order (Doc. 56). Petitioner DaSilva filed another motion on June 26, 2014, and the Court dismissed it for lack of jurisdiction on July 8, 2014. *See* Order (Doc. 60).

DaSilva now petitions the Court to "correct the record" so that the State cannot count a "vacated case" as a conviction. *See* Pro Se Mot. (Doc. 62) at 1.

Federal Rule of Civil Procedure 60(a) allows a district court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

This Court did not vacate a case. It vacated only "[t]he judgment entered in Cascade County Cause No. DDC 09-137 on April 30, 2010." Nunc Pro Tunc

Order (Doc. 37) at 7 ¶ 4. It also required the State to renew proceedings in state court, and the State did so. Anything that did or did not happen after that falls outside the scope of the Court's conditional grant of habeas relief in 2014.

DaSilva fails to persuade the Court that the record of the 2014 habeas proceeding in this Court requires correction. Relief is not warranted under Rule 60(a). In addition, DaSilva exhausted this Court's habeas jurisdiction in connection with this case in 2014. The Court no longer has authority to "correct" or even address any other court's record. If another judgment "counts" a "vacated case" as a conviction, DaSilva must direct his challenges to that judgment, not to this case.

To the extent a certificate of appealability is apposite, it is denied. *See* 28 U.S.C. § 2253(c)(1)(A); *United States v. Winkles*, 795 F.3d 1134, 1142 (9th Cir. 2015); *Langford v. Day*, 134 F.3d 1381, 1382 (9th Cir. 1998). DaSilva does not show that the record of this case requires correction, much less that failing to correct it will violate his constitutional rights. And the violation of his constitutional rights that the Court found in 2014, *see* Order (Doc. 37) at 5, was redressed in 2014.

Accordingly, IT IS ORDERED:

1. DaSilva's petition (Doc. 62), construed as a motion to correct the judgment under Federal Rule of Civil Procedure 60(a), is DENIED.

3

2. To the extent a certificate of appealability is apposite, it is DENIED. The clerk shall immediately process the appeal if DaSilva files a notice of appeal.

DATED this 2nd day of December, 2020.

_____
Donald W. Molloy
United States District Court